**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Angel de Jesus Salinas and Edelia Cantu, on
behalf of themselves and all other similarly
situated persons, known and unknown,
Plaintiffs,
v.
Bella Banquets, Inc., d/b/a Bella Banquets and
Via Bella Restaurant, and Michelle Fulco,
individually, Defendants.

## COMPLAINT

NOW COME Angel de Jesus Salinas and Edelia Cantu, on behalf of themselves and all other

similarly situated persons, known and unknown ("Plaintiffs"), through counsel, and for their

Complaint against Bella Banquets, Inc., d/b/a Bella Banquets and Via Bella Restaurant, and

Michelle Fulco, individually, (collectively, "Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act,

   29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1

   *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated

   employees at least the Illinois mandated minimum wage rate and overtime wages for hours

   worked in excess of forty (40) hours in a week.  Plaintiffs also seek redress under the Illinois

   Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to

   compensate them for all hours worked.

2. Defendants' unlawful compensation practices have denied Plaintiffs and other similarly

   situated persons their earned and living wages.

3. Plaintiffs bring Counts I of this Complaint as a Collective Action under the FLSA, 29 U.S.C.

   § 216(b).  Plaintiffs' FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiffs' Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES

### Plaintiffs

6. Plaintiffs reside in, are domiciled in, and were employed by Defendants in Cook County, which is in this judicial district.

7. Defendants operate a restaurant and banquet service called "Via Bella" and "Bella Banquets", respectively, located at 5412 South La Grange Road, Countryside, Illinois.

8. Within the relevant period of time, Plaintiffs worked at Defendants' Countryside restaurant and banquet service location.

9. During the course of their employment, Plaintiffs were involved in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq*., the IMWL, 820 ILCS 105/1 *et seq*., and the IWPCA, 820 ILCS §115/1 *et seq*.

### Defendants

10. Defendant Bella Banquets, Inc., d/b/a Bella Banquets and Via Bella Restaurant is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the

FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Bella Banquets, Inc., d/b/a Bella Banquets and Via Bella Restaurant has had two (2) or more employees involved in interstate commerce.

12. Defendant Bella Banquets, Inc., d/b/a Bella Banquets and Via Bella Restaurant was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

13. Defendant Michelle Fulco is the President of Bella Banquets, Inc., d/b/a Bella Banquets and Via Bella Restaurant and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Michelle Fulco was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Upon information and belief, Defendant Michelle Fulco resides and is domiciled in this judicial district.

## FACTS

16. Plaintiffs Angel de Jesus Salinas worked for Defendants as a maintenance worker at Defendants' restaurant known as "Via Bella" and banquet service known as "Bella Banquets."

17. Plaintiffs Edelia Cantu worked for Defendants as a waitress and maintenance worker at Defendants' restaurant known as "Via Bella" and banquet service known as "Bella Banquets."

18. Plaintiff Angel de Jesus Salinas regularly worked between sixty-five (65) and seventy-five (75) hours per week and was not compensated at time and a half his hourly rate for all hours worked in excess of forty (40) hours in a workweek.

19. Plaintiff Angel de Jesus Salinas was intentionally misclassified as salaried and paid between $400.00 and $500.00 per week during the relevant time period.

20. Plaintiff Angel de Jesus Salinas' hourly rate was regularly below the Illinois mandated minimum wage rate of $8.25 per hour.

21. For the final year of Plaintiff Edelia Cantu's employment with Defendants she was paid $9.00 per hour. Prior to the final year of Plaintiff Edelia Cantu's employment with Defendants she was paid $8.00 per hour, below the Illinois mandated minimum wage rate of $8.25 per hour.

22. Plaintiffs worked over forty (40) hours or more as directed by Defendants, but were not paid proper overtime wages for time worked in excess of forty (40) hours.

23. Defendants denied Plaintiffs and other similarly situated employees their earned wages.

24. Defendants did not compensate Plaintiff Edelia Cantu for all her hours worked at the rate agreed to by the parties.

25. Multiple checks issued by Defendants to Plaintiff Angel de Jesus Salinas as pay for time worked had insufficient funds.

26. Plaintiffs were not exempt from the overtime provisions of the FLSA, the IMWL, or the IWPCA.

## COUNT I: VIOLATION OF THE FLSA
**Overtime Wages**

27. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

28. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

29. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

30. Defendants did not compensate Plaintiffs or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E.  Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

33. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants directed Plaintiffs to work, and Plaintiffs did work in excess of forty (40) hours in individual work weeks.

36. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

37. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants violated the IMWL by failing to pay Plaintiffs, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE FLSA
### Minimum Wages

41. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless those employees are exempt.

43. Plaintiffs are not exempt from the minimum wage provisions of the FLSA.

44. Defendants did not pay Plaintiffs or the class members at least the minimum wage for the hours that they worked, as described in paragraphs 18-21, *supra*.

45. Defendants' failure to pay the legally mandated minimum wages to Plaintiffs and class members violated the FLSA.

46. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiffs and the class members of their right to receive the minimum wage.

47. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage to Plaintiffs and the class members was a willful violation of the FLSA.

48. Defendants violated the FLSA by refusing to compensate Plaintiffs and the members of the class consistent with the minimum wages provisions of the FLSA.

49. Plaintiffs and other similarly situated employees are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to Plaintiff and similarly situated employees of Defendant;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT IV: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Minimum Wages

50. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

51. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiffs, the Illinois-mandated minimum wages for all hours worked in individual work weeks, as described in paragraphs 18-21, *supra*.

52. Plaintiffs were directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

53. Plaintiffs were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

54. Defendant did not pay Plaintiffs the Illinois-mandated minimum wage for all hours worked in individual work weeks.

55. Defendant's failure to pay Plaintiffs the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

56. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: VIOLATION OF THE IWPCA

57. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

58. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiffs all wages earned during all time worked for Defendant at the rate agreed to by the parties.

59. During the course of their employment with Defendants, Plaintiffs had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

60. In one or more individual work weeks, Defendants did not pay Plaintiffs and other similarly situated employees for all hours worked at the rates agreed to by the parties.

61. Instead, Defendants issued Plaintiffs multiple checks without sufficient funds.

62. Plaintiffs were entitled to be compensated for all time worked as agreed between the Plaintiffs and Defendants.

63. Plaintiffs are entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

64. Defendants' failure to pay Plaintiffs for all time worked violated the IWPCA.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiffs as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

s/ Raisa Alicea
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646

(312) 800-1017
ralicea@yourclg.com